# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | |
|---|---|
| DR. JULIA GRUBER AND ANDREW SMITH | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 2:21-CV-00039 <br>) |
| TENNESSEE BOARD OF TRUSTEES d/b/a TENNESSEE TECH UNIVERSITY, DR. LORI BRUCE, in her official and individual capacity, and DR. PHILIP OLDHAM, in his individual and official capacity | ) Judge Crenshaw <br>) Magistrate Judge Newbern <br>) <br>) JURY DEMAND <br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL

### ALLEGED FACTS[1]

Plaintiff Dr. Gruber has been employed at Tennessee Tech for over 13 years and is currently a tenured Associate Professor of German. [Doc. No. 33, ¶¶ 10, 11]. Plaintiff Professor Smith has been employed at Tennessee Tech for approximately 20 years and is currently a tenured Senior Instructor of English. *Id.* at ¶ 29. Defendant Tennessee Tech is a public university in Cookeville, Tennessee. *Id.* at ¶ 3. Defendant Dr. Bruce is an employee of Tennessee Tech, who Plaintiffs claim in the scope of her job duties as Provost and Vice President for Academic Affairs, made decisions against the interests of Plaintiffs, that violated their First Amendment rights. *Id.* at ¶ 5. Defendant Dr. Philip Oldham is an employee of Tennessee Tech, who Plaintiffs claim in the

---

[1] Defendants will assume the facts as alleged in the Amended Complaint are true for the purpose of this Motion only.

scope of his job duties as President of Tennessee Tech, made decisions against the interests of Plaintiffs, that violated their First Amendment rights. *Id.* at ¶ 6. Plaintiffs assert claims under 42 U.S.C.A. § 1983 against Defendants for retaliation in violation of Plaintiffs' Free Speech Rights pursuant to the First Amendment of the United States Constitution, and for violation of Plaintiffs' Procedural Due Process rights pursuant to the Fourteenth Amendment of the United States Constitution. *Id.* at ¶ 7.

Plaintiffs' claims against Defendants arise out of Plaintiffs' creation and distribution on Tennessee Tech's campus of a Flyer[2] with a depiction of another Tennessee Tech Professor, Dr. Donadio, the resulting complaint(s) against Plaintiffs and the investigation, appeal process, and related discipline implemented in response to Plaintiffs' actions. *Id.* at ¶¶ 36, 55 – 60, 73, 81, 86, 88 – 90, 121, 132, 153, 158. Plaintiffs claim that their Flyer was protected First Amendment speech and that Defendants' discipline against Plaintiffs was retaliatory and punished them for their constitutionally protected speech. *Id.* at ¶¶ 160, 176, 178 – 181. Plaintiffs also claim that their property interests in Tennessee Tech complying with its own policies was violated when Tennessee Tech did not comply with its own policies in violation of the Due Process Clause of the Fourteenth Amendment. *Id.* at ¶¶ 184, 185, 190. Plaintiffs claim that by depriving Plaintiffs of their constitutional rights (First and Fourteenth) Defendants violated 42 U.S.C.A. § 1983. *Id.* at ¶¶ 181, 192.

---

[2] Attached as Exhibit 1. The Court may consider documents attached to a Motion to Dismiss without converting the Motion into a Motion for Summary Judgment provided the "'document is referred to in the complaint and is central to the plaintiff's claim...' In such event, 'the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment.'" *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (citations omitted).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) governs dismissal of lawsuits for lack of subject matter jurisdiction. "Rule 12(b)(1) motions to dismiss . . . generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Here, Defendants challenge the court's subject matter jurisdiction in a facial attack, meaning that defendants "challenge the sufficiency of the pleading itself," *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "When reviewing a facial attack, a district court takes the allegations in the complaint as true." *Gentek*, 491 F.3d at 330. Under Fed. R. Civ. P. 12(b)(1), if it is determined at any time that the court lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiffs have the burden of proving that the court has subject matter jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) may attack the claim of jurisdiction on its face. *Golden v. Gorno Bros.*, 410 F.3d 879, 881 (6th Cir. 2005). "A facial attack on the subject matter jurisdiction alleged by the complaint … questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (internal italics omitted).

Alternatively, Federal Rule of Civil Procedure 12(b)(6) allows the defense of "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything in the complaint is true." *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (citing *Nishiyama v. Dickson Cnty.*, 814 F.2d 277, 279 (6th Cir. 1987)). When addressing a Rule 12(b)(6) motion, the Court is obligated to construe the complaint in the light most favorable to the

nonmoving party and accept all well-pleaded factual allegations as true to determine whether the moving party is entitled to judgment as a matter of law. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

## ALL CLAIMS AGAINST THE STATE MUST BE DISMISSED.

### A. The State is Immune From All Claims Asserted Against It.

Plaintiffs have asserted claims pursuant to 42 U.S.C.A. § 1983 against the Tennessee Tech and both individual Defendants in their official capacities ("State Defendants"). It is well-established that suits against any of them are actually suits against the State itself. *Kompara v. Bd. of Regents of the State Univ. & Cmty. Coll. Sys. of Tennessee*, 548 F. Supp. 537, 542 (M.D. Tenn. 1982) (holding that TBR is an arm of the State); *Henderson v. Sw. Tennessee Cmty. Coll.*, 282 F. Supp. 2d 804, 807 (W.D. Tenn. 2003) (holding that another Tennessee community college is an arm of the State); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding suits against State employees sued in their official capacities are suits against the State). The Eleventh Amendment to the United States Constitution bars suits by private individuals against nonconsenting states in federal court, unless Congress has validly abrogated the state's immunity, or the state has waived its immunity. *See Nevada Dept. of Human Res. v. Hibbs*, 538 U.S. 721, 123 S.Ct. 1972, 1976, 155 L.Ed.2d 953 (2003); *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). As the Sixth Circuit stated in *Thiokol Corp. v. Dep't. of Treasury, State of Mich. Revenue Div.*, 987 F.2d 376 (6th Cir. 1993), "This immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or

its own citizens." 987 F.2d at 381 (internal citations omitted); *e.g. Tennessee v. Lane*, 541 U.S. 509, 517 (2004); *Pennhurst State Schs. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). For the purposes of the instant lawsuit, the immunity provided to a state by the Eleventh Amendment is abrogated in only two circumstances: 1) where the state has itself waived its immunity from federal suit; and 2) where Congress has acted to abrogate the state's immunity. *See Alden v. Maine*, 527 U.S. 706 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996).

Eleventh Amendment immunity applies to both the state itself and state agencies. *Henderson*, 282 F. Supp. 2d at 806. The Supreme Court has held that while Congress may abrogate states' Eleventh Amendment immunity, Congress did not override the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341, 350 (1979). Nor has the State of Tennessee waived its immunity from § 1983 claims. Thus, these claims are barred against the State Defendants.

**B. Plaintiff Fails to State a Claim Against the State Under § 1983.**

Only "persons" may be held liable for violation of a constitutional provision pursuant to 42 U.S.C. § 1983. However, the United States Supreme Court has expressly recognized that neither states nor state officials are "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.") As noted in *Will*, "[§ 1983] does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties." *Id*. at 66. Accordingly, Plaintiffs fail to state a claim under § 1983 against the State Defendants – Tennessee Tech, Dr. Bruce in her official capacity, and Dr. Oldham in his official capacity.

## CONCLUSION

State Defendants Tennessee Tech, Dr. Bruce in her official capacity, and Dr. Oldham in his official capacity seek dismissal of all claims asserted against them by Plaintiffs as State Defendants. Plaintiffs' 42 U.S.C.A. § 1983 claims are barred against the State Defendants by their Eleventh Amendment immunity and thus should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiffs' 42 U.S.C.A. § 1983 claims are also barred against the State Defendants because they are not persons under 42 U.S.C.A. § 1983 and thus should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

HERBERT H. SLATERY III
ATTORNEY GENERAL AND REPORTER

*/s E. Ashley Carter*
E. Ashley Carter, BPR #27903
John W. Dalton, BPR #16653
Senior Assistant Attorneys General
Carolyn U. Smith, BPR #17166
Deputy Attorney General
P.O. Box 20207 Nashville, TN 37202-0207
Telephone: (615) 741-7932
Facsimile: (615) 741-7327
John.Dalton@ag.tn.gov
Ashley.Carter@ag.tn.gov
Carolyn.Smith@ag.tn.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 6, 2021, a copy of Memorandum of Law in Support of Defendants' Motion for Partial Dismissal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows:

**ROBERT C. BIGELOW**
**Bigelow Legal, P.C.**
4235 Hillsboro Pike, Suite 217
Nashville, Tennessee 37215
615-829-8986
rbigelow@bigelowlegal.com
Counsel for Plaintiffs

All other parties will be served by regular U.S. Mail as follows: N/A

  Parties may access this filing through the Court's electronic filing system.

                                            s/ John W. Dalton
                                   **JOHN W. DALTON, BPR No. 16653**
                                   **Senior Assistant Attorney General**