UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DR. JULIA GRUBER and ANDREW SMITH, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 2:21-CV-00039 ) |
| TENNESSEE BOARD OF TRUSTEES d/b/a TENNESSEE TECH UNIVERSITY, DR. LORI BRUCE, in her official and individual capacity, and DR. PHILIP OLDHAM, in his individual and official capacity, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

In this suit under 42 U.S.C. § 1983, Dr. Julia Gruber, an Associate Professor of German, and Andrew Smith, a Senior Instructor of English, sue their employer, Tennessee Board of Trustees d/b/a Tennessee Tech University, along with Dr. Philip Oldham, its President, and Dr. Lori Bruce, its Provost and Vice President for Academic Affairs. Plaintiffs allege retaliation in violation of the First Amendment for their exercise of free speech and the denial of due process in violation of the Fourteenth Amendment to the United States Constitution. By way of this lawsuit, Plaintiffs seek to enjoin certain sanctions that have been imposed against them, such as "1) Not being allowed to serve as a faculty advisor to any student organization at the university, including student clubs, student chapters of professional societies, and student honor societies, 2) Not being allowed to participate in study abroad activities, including faculty-led trips with students, 3) Not being eligible for non-instructional faculty assignments, including university level awards of non-instructional faculty assignments or release from teaching duties for the purpose of administrative duties, 4) The

revocation of Dr. Gruber's grant, 5) Requiring meetings to discuss their classroom behavior, 6) Subjecting them to unnecessary observation in the classroom, and 7) The threat of termination for further disciplinary actions." (Doc. No. 40 at 2).

Defendants have filed a "Motion for Partial Dismissal" in which they request dismissal of "Plaintiffs' claims against Tennessee Technological University, Dr. Gruber in her official capacity, and Dr. Oldham, in his official capacity." (Doc. No. 34 at 1). Defendants also request that they be allowed fourteen days from this Court's ruling on the motion within which to file an Answer because, while Rule 12(a)(4) automatically extends the period for responding to a complaint when a motion to dismiss is filed, the rule does not indicate whether that extension applies to partial motions as well.

Turning to the procedural issue first, although "there is limited authority on the point, . . . the majority of federal courts that have addressed the issue have held that filing a partial motion to dismiss does indeed extend the time to file a responsive pleading with respect to all claims, including those not addressed in the motion." Compton v. City of Harrodsburg, 287 F.R.D. 401, 402 (E.D. Ky. 2012) (citing 5B Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1346 (3d ed.)). As one court has explained, not permitting an extension for partial motions to dismiss could result in dual-track litigation whereby discovery is allowed on some but not all claims, and this could run afoul of Rule 1's command that the Federal Rules be construed to "'secure the just, speedy, and inexpensive determination of every action and proceeding.'" Kent Int'l, Inc. v. United States, 161 F. Supp. 3d 1340, 1342 (Ct. Int'l Trade 2016) (quoting Fed. R. Civ. P. 1). Many decades ago, the district court in Gerlach v. Mich. Bell Tel. Co., 448 F. Supp. 1168, 1174 (E.D. Mich.1978) held otherwise, but that case seemingly "stands alone like an Appaloosa in a herd of Thoroughbreds, and this Court

2

declines to follow its lead." Compton, 287 F.R.D. at 402.

Resolution of the substantive issue is also relatively straightforward given the governing law. In their response, "Plaintiffs agree that their claims against Tennessee Tech should be dismissed" but argue that "the claims against Dr. Lori Bruce and Dr. Philip Oldham in their official capacities must remain." (Doc. No. 40 at 1, 4).

By its very terms, an official capacity claim as permitted by the *Ex Parte* Young doctrine means that "a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law" even if that "compliance might have an ancillary effect on the state treasury[.]" S & M Brands, Inc. v. Cooper, 527 F.3d 500, 507–08 (6th Cir. 2008) (internal citations omitted). The difference between improper retroactive damages and those ancillary to a prospective relief claim has been described as follows:

> In distinguishing between forbidden monetary relief and permissible injunctive relief, the Supreme Court has explained that "[r]elief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant." Papasan v. Allain, 478 U.S. 265, 278, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986). "On the other hand, relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury." Id. The ancillary-effect exception, we have explained, "is a narrow one." Kelley v. Metro. County Bd. of Educ., 836 F.2d 986, 992 (6th Cir.1987). "The dividing line" between ancillary relief and essentially compensatory relief, we have also explained, "is whether the money or the non-monetary injunction is the primary thrust of the suit." Barton v. Summers, 293 F.3d 944, 949 (6th Cir.2002); id. ("If the injunctive relief sought by the plaintiff is truly prospective non-monetary relief, sovereign immunity will not bar the suit simply because the state may be required to make incidental expenditures in complying with the injunction."). We consider Eleventh Amendment immunity, as well as any exceptions to it, on a claim-by-claim basis.

Ernst v. Rising, 427 F.3d 351, 367–68 (6th Cir. 2005).

Given this authority, Plaintiffs' claim against Dr. Oldham in his official capacity is clearly

3

subject to dismissal.[1]  As to that Defendant, they simply allege:

> 132. Dr. Oldham, the President of Tennessee Tech, unilaterally decided that anyone at Tennessee Tech who had been disciplined in the past year would not be eligible for the $1,000 bonus normally received.
>
> 133. Accordingly [because they were sanctioned by Dr. Bruce], Plaintiffs were both denied a $1,000 bonus in May of 2021 due to the Sanctions and decisions of Dr. Oldham.

(Doc. No.  Amended Complaint ¶¶ 132-33).  A claim for the retroactive payment of a one-time $1,000 bonus that was not awarded for a prior year's service is simply not a claim for prospective injunctive relief of which the money would be ancillary.  Rather, it is a request for relief that would serve to compensate plaintiff for a past injury and is barred by the Eleventh Amendment.  Papasan, 478 U.S. at 278.  Plaintiffs present no real arguments to the contrary.

The "thrust" of the complaint against Dr. Bruce is entirely different, however.  She is the one who imposed the sanctions identified at the start of this opinion that include non-monetary punishment, and she allegedly did so in violation of Plaintiffs' free speech right and without due process.  While the Amended Complaint's prayer for relief contains the phrase "monetary losses," it does do in the context of requesting that "the Court permanently enjoin Defendants from violating Plaintiffs' rights or grant them other equivalent equitable relief, including monetary losses, and order Defendants to revoke all of the Sanctions imposed on Plaintiffs and reinstate Plaintiffs to their full teaching duties." (Am. Cmpt. at 21).  "[C]laims for reinstatement are prospective in nature and

---

[1] Plaintiffs' claim against Dr. Oldham in his individual capacity may be subject to dismissal as well. An individual "is only liable for his or her own misconduct," Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009), and "case law teaches that in order to impose individual liability upon a [government official] for engaging in unconstitutional misconduct, it is a plaintiff's burden to specifically link the [official's] involvement to the constitutional infirmity," Burley v. Gagacki, 834 F.3d 606, 615 (6th Cir. 2016). However, Defendants have not moved to dismiss the individual capacity claim against Dr. Oldham because, at the time of the filing of the motion to dismiss, he had not been served in his individual capacity. (Doc 34 at 1).

4

appropriate subjects for Ex parte Young actions." Carten v. Kent State Univ., 282 F.3d 391, 396 (6th Cir. 2002)(citing Turker v. Ohio Dep't. of Rehab. and Corrs., 157 F.3d 453, 459 (6th Cir.1998)). Because the "thrust" of Plaintiffs real claim against Dr. Bruce is to right the alleged wrongs and those include non-monetary damages, the Court cannot dismiss the official capacity claim against her.

Accordingly, Defendants' Motion for Partial Dismissal (Doc. No. 34) is **GRANTED IN PART** and **DENIED IN PART** as follows: (1) The Motion is **GRANTED** with respect to Tennessee Board of Trustees d/b/a/ Tennessee Tech University, and that Defendant is hereby **DISMISSED**; (2) The Motion is **GRANTED** with respect to the official capacity claim against Dr. Philip Oldham, and that claim is **DISMISSED**; and (3) The Motion is **DENIED** with respect to the official capacity claim against Dr. Lori Bruce. Within fourteen (14) days of the date of entry of this Order and Memorandum Opinion, the remaining Defendants shall file an Answer (or Answers) to the Amended Complaint.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE