# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT COOKEVILLE

| | | |
|---|---|---|
| Dr. JULIA GRUBER, and<br>ANDREW SMITH, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Case No. 2:21-cv-00039 |
| v. | ) <br> ) | Judge Crenshaw<br>Magistrate Judge Newbern |
| DR. LORI BRUCE, in her individual and<br>official capacity, | ) <br> ) <br> ) | JURY DEMAND |
| Defendant. | ) <br> ) | |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976).

Plaintiffs were and are being punished for exercising their First Amendment rights after anonymously posting copies of a flyer calling out what they considered to be racism, and criticizing a "Professor Watchlist" compiled and publicized by Turning Point USA, an organization with a student chapter at Tennessee Tech University.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs move this Court for the entry of a preliminary injunction restraining Defendant Dr. Lori Bruce ("Dr. Bruce") from enforcing May 13, 2021, sanctions (the "Sanctions"), which include:

1. Banning Plaintiffs from serving as a faculty advisor to any student organization at the university, including student clubs, student chapters of professional societies, and student honor societies;

1

2. Banning Plaintiffs from participating in study abroad activities, including faculty-led trips with students;

3. Making Plaintiffs ineligible for non-instructional faculty assignments, including university-level awards of non-instructional faculty assignments or release from teaching duties for the purpose of administrative duties;

4. Making Plaintiffs ineligible for salary increases;

5. Requiring Plaintiffs to meet with the Dean of the College of Arts and Sciences to discuss personal grievances in the workplace;

6. Being subjected to classroom observation;

7. Requiring Plaintiffs to complete sensitivity training; and

8. Enforcing Tennessee Tech's decision that Plaintiffs would not be eligible for the $1,000 bonus normally received.

## Grounds for Relief

In the accompanying memorandum, Plaintiffs will show that: (1) they have a strong likelihood of success on the merits; (2) they would suffer irreparable harm without the injunction; (3) issuing the injunction would not cause substantial harm to others; and (4) that the public interest would be served by granting the injunction. *Young v. Giles Cnty. Bd. Of Educ.,* 181 F.Supp. 3d 459, 462-63 (M.D. Tenn. 2015) (granting Plaintiff's Motion for a Temporary Injunction).

As such, this Court must grant Plaintiffs' Motion.

Respectfully Submitted,

/s/ Robert C. Bigelow
Robert C. Bigelow #022022
Bigelow Legal, PLLC
4235 Hillsboro Pike, Suite 301
Nashville, Tennessee 37215
rbigelow@bigelowlegal.com
(615) 829-8986

## CERTIFICATE OF SERVICE

      I certify that on June 2, 2022, a copy of Plaintiffs' Motion for Preliminary Injunction was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows:

E. Ashley Carter, BPR #27903
John W. Dalton, BPR #16653
Rachel A. Newton, BPR #22960
Carolyn U. Smith, BPR #17166
P.O. BOX 20207
Nashville, Tennessee 37202-0207

*Attorneys for Defendant*

                                                               /s/ Robert C. Bigelow
                                                               Robert C. Bigelow, Esq.

                                                               *Attorney for Plaintiffs*